By the Court.*—Sutherland, J.
When this case was called at the last April general term, upon the plaintiff’s appearing and answering, by his attorney and counsel, Mi*. Thayer, and upon no one appearing or answering for the defendant Duff, and upon Mr. Thayer’s expression of a disinclination to take, the defendant Duff’s default, and asking the court to permit him to submit his printed points, with copies of the -case and other papers, with permission for the attorneys or counsel of the defendant Duff also to submit printed points, with such other papers as they might wish to submit, the court permitted Mr. Thayer to do so, and directed him to give notice to the attorneys or ■counsel of the defendant Duff of such submission and permission. Soon after, we were furnished with proof that written notice of such submission and permission ■had been given a day or two after such submission, to the defendant Duff, to his attorneys, and to Mr. 'Grrabam, as his counsel.
So far as I am informed, no points or other papers in this case were submitted or handed up, for or on behalf of the defendant Duff, before the adjournment of >, the .general term, nor, so far as I am informed, has or j have the defendant Duff, his' attorneys, or counsel, ever | in any way availed himself or themselves of the permission or privilege thus given by the court, of which it ¡ ¡seems they had notice. I
. If the views presently to be expressed, as to our proper disposition of this case, are correct, and should *387 be concurred in by my associates, as it is to be presumed, if any points had been submitted for the defendant Duff, that, like those of the plaintiff’s counsel, they would have been on the merits, and confined to the merits, it is gratifying to see that the defendant Duff cannot possibly suffer from this seeming disregard of the courtesy of the court.
Upon looking into the papers submitted, it appears that this is a motion for a new trial by the defendant Duff, under section 268 of the Code, as amended by the act of April 25, 1867.
By this act, the first paragraph of section 268 was amended so as to allow and provide for a motion for a new trial at general term, on a case or exceptions, where the decision of the court filed under section 267 does not authorize final judgment, but directs further proceedings before a referee or otherwise,—that is, by the act of 1867, section 268 was so amended as substantially and in effect to allow an appeal, before final judgment, directly to the general term, from an interlocutory decision or judgment directing an accounting or further proceedings before final judgment.
It further appears from the papers submitted, that this action was tried before Judge Potter at special term, and that an interlocutory decision or decree was made by him in it, on June 29, 1866, by which the defendant Duff was decided and declared to be a mortgagee and trustee in possession of certain property, and liable to account, &c., and by which a reference was made to a referee named, to take and state the account, upon certain principles stated, and by which the question of costs, and all questions except those settled by the interlocutory decision, were reserved until the coming-in of the referee’s report.
It does not appear that the referee has ever reported, - or that there has yet been any final judgment in t e action, and the presumption is that the accounting is now going on before the referee named, or some other releree.
*388 Now, it is not necessary to cite cases to show that before this amendment of section 268, in April, 1867, no such motion as this was provided by law, or could be made; that there was no practice, provision of the Code, or principle of law, allowing it.
I think it may be said that our authority to decide this motion on the merits must rest solely on ■ this amendment.
The question is, then, whether this amendment in April, 1867, can have, or should be regarded as having, a quasi ex post facto operation, and give the right to make the motion for a new trial allowed by the amendment, when, as in this case, the' interlocutory decision or judgment was made nearly a year before the amendment.
Upon general principles, it would seem, that the amendment ought not to be regarded as affecting the rights of parties attached, and as they had attached, or were fixed, prior to the amendment.
It. would seem to be clear from People v. Carnal (6 N. Y. [2 Seld.], 463), Ely v. Holton, and Humphrey ». Parsons, considered and decided together (15 N. Y., 595), that the interlocutory decision or judgment in this case can be reviewed only in the manner prescribed and allowed by the law as it was when the interlocutory decision or judgment was made.
It is no answer to say that the attorney for the plaintiff submitted the papers without taking the objection. His consent cannot give the general term the power or right to review the interlocutory decision in a way not allowed by law when the decision was made, I think it is a question of power, of jurisdiction, to review the interlocutory decision in the way it is sought to be reviewed by this motion.
Beebe v. Griffing (6 N. Y. [2 Seld.], 465), was submitted on printed arguments, and no objection was taken to the appeal by the respondents ; but the court dismissed the appeal, holding that they had no author *389 ity to review the intermediate order in that stage of the case.
But, in my opinion, it is not necessary to say in this case that we have not power or jurisdiction to examine and decide this motion on the merits.
The practice was perfectly settled by repeated decisions before the amendment referred to, that the general term would not, irrespective of the consent or wishes of counsel, hear an appeal from an interlocutory decision or judgment, providing for an accounting, or other further proceedings, before final judgment. That the court would protect itself from being placed in a position of liability of being compelled to hear an appeal from an interlocutory judgment and a final judgment, both in the same action.
I have omitted to state that it appears from the papers submitted, that the plaintiff and the defendant Duff both noticed the motion for argument on the case and exceptions at the April general term.
The motion should be denied, and the case and exceptions be dismissed without costs to either party, on the ground that the amendment which has been referred to does not apply to the case, nor authorize this motion, without considering whether the interlocutory decision or decree m the case was or was not erroneous, a question which I have not at all looked into.
II. November, 1869. Motion to vacate orders.
After the motion for new trial, as previously stated, had been denied, in the absence of defendant’s counsel, his counsel applied to one of the justices of the court who was not a member of the general term by which the previous decision was rendered, and, after various proceedings, stated in the following opinion, obtained an order at a general term held in June, that the “default” should be set aside ; and the cause was thereafter heard, and the defendant’s motion granted. These orders the plaintiff now moved to set aside.
*390 B. O. Thayer, for the plaintiff.
A. Oalcey Halt, for the defendant Duff.
Sutherland, J.*
This is a motion by the plaintiff to vacate and set aside two orders of this court in this action, made at the general term in June last., one dated the 10th and the other the 14th of June last, by the first of which the court set aside and vacated what in and by the order is called “ the default taken by the plaintiff in above action, on April 20, 1869, at the general term of this court,” and further ordered the case “to be orally heard” at the then present general term, and that the cause be set down for argument on the second Monday of said June, and by the other of which orders the court reversed, vacated, and set aside the interlocutory judgment or decision of Justice Potter, made in this action at special term, June 29, 1866, and all proceedings had thereunder, and awarded a new trial to the defendant Duff.
The following facts appear from the papers submitted on this motion :
This is an equity action, and was tried before Justice Potter at special term, and an interlocutory decision or decree was made by him therein on June 29,1866, by which the defendant Duff was decided and declared to be a mortgagee and trustee of certain property¡in his possession in question, and liable to account, &c., and by' which a reference was made to a referee named, to take and state the account upon certain principles stated, and by which the question of costs, and all questions, except those settled by the interlocutory decision, were reserved until the coming in of the referee’s report.
On March 30, 1868, and after the amendment of section 268 of the Code, by the act of April 25, 1867, allowing and providing for a motion for a new trial at gene *391 ral term on a case and exceptions, before final judgment, where the interlocutory decision or judgment directed an accounting, or further proceedings, and while the accounting was pending before the referee named in the interlocutory decision or judgment, or any other referee substituted for him, and of course before there had been any report of a referee or final judgment, the attorneys for the defendant Duff served the attorney for the plaintiff with a copy of a case and exceptions made, taken and filed in the action, with notice that a motion for a new trial would be made thereon at the ensuing April general term.
The case having been pnt-on the general term calendar, and not having been reached, as must be presumed, the attorneys for the defendant Duff, and the attorneys for the plaintiff, both noticed it for argument at the April general term, 1869.
At the April general term, 1869, on April 20, upon the case being called, and the attorney and counsel of the plaintiff appearing and answering, and no one appearing or answering for the defendant Duff, and upon the attorney and counsel for the plaintiff expressing a disinclination to take the defendant’s default, and requesting permission to submit the case with bis printed points, with liberty for the defendant Duff to submit points in support of his motion, the court permitted him to do so, and made an order to that effect, stating on its face that it was made on due proof of notice of argument for the first Monday of April, in and by which order it was directed that the defendant’s attorneys should have notice of such submission, and permission for the defendant Duff to submit points.
On April 22, 1869, the defendant Duff, his attorneys, and Mr. John Graham, as his counsel, or one of his counsel, were served with written notices of the attorney for the plaintiff, of such submission, which notices stated that the defendant Duff had liberty to submit points in support of his motion.
The account in the moving papers of what took place *392 at general term, when the case was called on April 20, the order of the general term and the notice subsequently given to thé defendant Duff, his attorneys and counsel, do not permit a doubt that the court intended that the attorney for the plaintiff should submit with his points, papers sufficient or requisite for the examination and decision or disposition of the motion for a new trial on the case and exceptions, and that the attorney for the plaintiff did submit and hand up to the court copies or papers purporting to be copies of the case and exceptions, with his points, and that the court received such copies of the case, &c., with the points, for the purpose of deciding and disposing of the motion.
No points were submitted for or in behalf of the defendant Duff before the adjournment of the general term for the term, nor was any motion made to the general term, before its adjournment for the term, for or in behalf of the defendant Duff, to be heard orally on the motion ; but on April 26, 1869, after the general term had adjourned for the term, his attorneys in the action applied to. a justice of this court, other than either of the justices who held the general term when the order of submission was made, and obtained from him an order, dated on that day, for the plaintiff or his attorney to show cause before him, at special term, at chambers, on the 28th instant, at 10 a. m., “ why the default taken by the plaintiff' herein on the 20th instant, and referred to in the annexed affidavits, and also in the notice served by the plaintiff’s attorney under date of April 20, 1869, a copy whereof is hereto annexed, should not be set aside and vacated, and why the case should not be ordered to be heard at the next general term, in the iegular course of the calendar, &c.”
This order to show cause was obtained on two affidavits,—one of Mr. Van Antwerp, as one of the attorneys for the defendant Duff, and the other of Mr. Hall, as counsel or associate counsel for him, which two affidavits were the affidavits referred to in the order to show cause, as annexed to it, and to which affidavits *393 referred to therein, and in the order to show canse, was an alleged copy of a notice of which the following is a copy:
[ Title of the cause. ]
“ Gentlemen—You will please take notice that your motion for a new trial in this cause was this day submitted to the general term on the case and exceptions herein, and my printed points, and that you are at liberty to submit «points in support of your motion.
“Please furnish me with a copy of your points herein, and I will furnish you with a copy of mine.
“Yours, &c., B. C. Thayer,
“ Plaintiff ’ s Attorney. “To Messrs. Van Antwerp and James,

“Attorneys for the Defendant Duff.

“Dated New York, April 20, 1869.”
In both affidavits the proceeding which took place on April 20, 1869, at general term, when the case was called, no one appearing for the defendant Duff, was called “a default taken,” and in both affidavits the alleged copy of a notice annexed, of which a copy is above given, is referred to as showing that that proceeding was a default taken.
On the return day of the order to show cause, the plaintiff’s counsel not appearing, the hearing5 of the motion was postponed by the justice who granted the order to show cause until May 6 following.
A motion having been made by the plaintiff before another justice for an order postponing the hearing o; the motion by the defendant to set aside the alleged default taken by the plaintiff at the April general term, until the decision by the general term of the' defendant Duff’s motion for a new trial, in which motion of the plaintiff an order staying proceedings had been granted, Duff’s motipn to set aside the default alleged to have been taken at the April general term was directed by the justice who granted the order to show cause to proceed before him on May 25, 1869.
*394 The plaintiff’s motion to postpone the hearing of Duff’s motion until after the decision of the general term, was denied on May 20, 1869, after a hearing, and the stay of proceedings vacated.
On May 25, Duff’s motion, both parties appearing by counsel, it is said in an affidavit read on the part of the defendant Duff, was proceeded with, but not concluded ; but it does not further appear what was done.
On May 27, the counsel of Duff obtained an order from the justice before whom the motion was pending, continuing and adjourning the motion to June7 (the first day of the next general term) following.
By this order either party had liberty to notice the cause for a hearing at the next general term, and place the same on the calendar, but all other proceedings were stayed by the order until the final decision of Duff’s motion so continued and adjourned.
On the same day (May 27) an order was obtained from the same justice for the plaintiff to show cause at the opening of the court on the first day of next general term (the first Monday and 7th of June), “why the default taken by the plaintiff on April 20 last, at the general term of this court, should not be set aside and vacated, and the cause ordered to be heard at the said general term in the regular course of the calendar,” &c., which order to show cause, as appears by a recital on its face, was granted on the affidavits and papers served, used, and referred to on the motion before the said 'justice on the order to show cause granted by him on April 26 last.
The attorney for the plaintiff was served with the orders of May 27, and also with a nolice of a motion to be made at the opening of the court on the first day of the then next June general term, to set aside the default alleged to have begn taken by the plaintiff on Ap'ril 20 last, and also with notice of argument of Duff’s motion for a new trial at the opening of the general term on that day, which last mentioned motion the attorney for the plaintiff declined to accept, and returned, on the *395 ground that there was no such motion for a new trial then pending; that the same had been submitted for decision, by order of the general term, on April 20,1869, of which the attorneys of the defendant Duff had theretofore had due notice.
At the opening of the next June general term, on June 7, Mr. Hall, as counsel for the defendant Duff, made the motion to set aside what was called the default of the defendant Duff, taken on April 20, the attorney for the plaintiff appearing and reading and leaving with -the court, or the clerk of the general term, a copy of the . general term order of April 20, an affidavit stating what took place when that order was made, substantially as the circumstances of the transaction or proceeding have been above stated, and a protest in writing against the court’s entertaining the motion on various grounds, which it is not necessary specially to refer to.
Subsequently, and on June 10, the motion was decided, and the next day the order dated June 10, and called hereinbefore the order of June 10, was settled and made.
Subsequently, and on June 14, the case, or defendant Duff’s motion for a new trial, having been putz on the calendar, was called, and no one appearing for the plaintiff, the order of June 14 was made.
When this order of June 14 was made, the j ustices who made the order of April 20 had not decided or made any disposition of the motion for a new trial on the papers which had been submitted to them, on making that order.
It does not appear that the defendant Duff, his attorneys, or counsel, have ever submitted, handed up, or sent, points on the motion, to the justices last referred to or either of them, or have ever, any or either of them, expressed or intimated an intention or willingness to do so.
The two justices who, with the presiding justice, held the April general term, and made the order of April 20, were other than the two who, with the presiding justice, *396 had been assigned to hold the June general term, and held it and made the orders of June 10 and 14. There are other matters, which I have not specially referred to, in the papers, but I deem the parts which have been stated all that are necessary for stating and understanding the grounds on which I think the general term orders of June 10' and 14 should be vacated, which are:—
First. It is impossible to view the motion of the defendant Duff to vacate and set aside what, in the order of June 10, and the papers on which it was made, is called- a default taken, as recognizing on. his part that his case and exceptions, and motion for a new trial, had been submitted at the previous April general term, s > that the justices who held that general term, and had the papers for decision, could decide or make any disposition of the case or motion, binding on him, Duff.
There was nothing in his motion papers (nominally and in form to set aside a default taken), which can be said to have been stated by way of excuse for not having availed himself of the privilege granted him, and oí which he had notice to submit points, nothing stated in them to show that he wanted furthei time to submit points—nothing tending to show that there were circumstances about his case, or questions in it, or features of his motion, making an oral argument necessary or advisable, other than the mere statement that he or his counsel desired an oral argument.
It is palpable that his motion to set aside what was called a default taken, and the order of June 10, must be received as having been made on the ground that his default had been taken.
Second. His default had not been taken. The papers on this motion show that his default had not. been taken, and the order of the April general term shows it; the very copy notice annexed to the affidavits upon which the order to show cause, was granted, and to the order to show cause, and referred to in them, shows it.
*397 It is impossible to call the proceeding at general term, on April 20, the taking of a default. Duff’s default was not taken. The attorney and counsel of the plaintiff declined taking his default. The court took the case for decision ; of which, and of his privilege of submitting points, Duff, his attorneys, and one of his counsel, had notice.
Tldrd. I think what took place when the case was called on April 20, at the April general term, whether it be called a submission or not, gave the justices of this court, then present and holding the term, not only power to make a decision or disposition of the case and motion (until regularly reversed or set aside), binding on the plaintiff and the defendant Duff, both, but also made it their duty to decide or dispose of the case and motion, whether the defendant Duff or his counsel did or did not avail himself or themselves of the privilege of submitting points.
Fourth. If these justices had this power, and such duty was or had been imposed upon them, it is, I think, impossible to say that the general term that made the orders of June 10 and 14 had power to make them ; for the motion for a new-trial on the case and exceptions, when these orders were made, had not been decided or disposed of by the three justices who, on April 20, had taken the papers for the purpose of deciding and disposing of the motion.
The. question of power is not a question as to the power of the court as an entity, or in the abstract.
The question is not whether a general term of this court, held by Justices- 0., I., and S., has or has not the same or as much power as a general term held by Justices C. and C. and B. Of course, two general terms, so held, may be said to have the same or equal power. But the question of power which arises on this motion to vacate- the orders of June 10 and 14 is as to the power of the justices or administrators of the powers and duties of this court, to interfere with the exercise of the official powers, or the performance of the official *398 duties of each other, after and when the exercise of such powers, and the performance of such duties, have attached in a particular case, and "before the powers have "been exercised, or the duties performed.
Of course there is no limit to the power of thinking. The June general term, that made the orders of June 10 and 14, may have deemed the proceeding at the April general term, when the case was submitted, a default, or a default taken. It is plain that the April general term did not deem it a default, or a default taken, and that the defendant Duff’s default was not, in fact, taken. But the question is not what either of the general terms deemed the proceeding of April 20.
The question of power is, whether the June general term, under the undisputed circumstances, by deeming or calling the proceeding of April 20 a default, or a default taken, had power to make the orders of June 10 and 14, with the effect (I do not say design or intention) of relieving the justices who held the April general term of the power, and discharging them of the duty of deciding or disposing of the defendant Duff’s motion for a new trial, when it must be presumed it was being held under consideration by them.
I think it the plain duty of the justices who held the general term in April, to whom the papers were submitted, and who made the order of April 20, notwithstanding the orders of June 10 and 14, to decide and dispose of the defendant Duff’s motion for a new trial on the case and exceptions, and if the order of June 14 is permitted to stand, I do not see why there must not be two genera Iterm orders in the case, on the same motion for a new trial, inconsistent with each other, whatever may be the decision of the justices who made the order of April 20 ; and I do not see how the plaintiff" couM be relieved or saved from the embarrassments which two such general term orders would cause, otherwise than by this motion and decision.
U
Fifth. But it is by no means necessary to say that the orders of June 10 and 14 were made without power *399 The general term of this court often vacates and modifies its own orders as inadvertently made, or on the ground that the court was misled by a mistake or misapprehension as to, or of, some material fact or circumstance.
Irrespective of the question of power, I think the orders of June 10 and 14 should be vacated, on the ground that we must or should presume them to have been made under a misapprehension of the proceeding, and the effect of the proceeding, on April 20, which possessed the justices who then held the general term, of the case and motion of the defendant Duff, for decision, which misapprehension we must and should further presume arose from the unjustifiable misnomer of the proceeding of April 20, by and in the papers on which the order of June 10 was granted.
Of course, in vacating the orders on this ground, it is to be presumed that if the same justices who held the general term when the orders were made, had happened to hold the general term when this motion was made, they would have vacated them.
The orders, however, should be vacated without costs, either to the plaintiff or the defendant Duff, as against each other.
Clerke, P. J.
I differ from Sutherland, J., so far as he denies that the June term had power to make any disposition of the procedure at the April term. Whether that procedure be called a submission or default, I hold that the general term, sitting in June, were capable of annulling or- modifying it, at any time before the final decision of the justices who sat at the April term, on the papers then submitted to them. As I said in my dissenting opinion on the motion at the June term, I considered it exceedingly inexpedient to interfere with the action of the April term ; but I did admit that the justices composing the June term had the power to do so But the same power which they exercised in relation to the action of the April term, the justices composing the *400 November term possess in relation to the action of the June term ; and, as I still consider the former an inexpedient, if not an irregular exercise of power, and as it was plainly a-default caused by the misapprehension or error of the plaintiffs attorney, I think, in so important a matter, that the plaintiff ought to have an opportunity of being heard.
I, therefore, concur with Sutherland, J., in the conclusion at which he has arrived, irrespective of the question of power.

 ¡Present, Clerke, P. J., Ingraham and Sutherland, JJ,

 Present, Clerke, P. J., Cardozo and Sutherland, JJ.