[No. 2,972.]

THOMAS W. MOORE *v.* SAMUEL BESSE, SAMUEL H. BESSE, AND JAMES WILSON.

FRAUDULENT SALE OF PROPERTY.—A sale of his land by a debtor, to defraud a creditor, operates as a fraud on the creditor only to the extent of the interest which the creditor would have acquired, by purchase at a sale under execution, of the land fraudulently conveyed.

SALE OF PRE-EMPTION RIGHT UNDER EXECUTION.—A judgment creditor, by a purchase at a sale under execution, of land to which the judgment debtor had only a preëmption right, obtains no interest in the land which will enable him to procure the title under the preëmption laws of the United States.

FRAUD IN THE SALE OF LAND HELD UNDER PRE-EMPTION.—If a judgment debtor sells public land, to which he has a preëmption right, for the purpose of defrauding a creditor, and the purchaser then preëmpts the land, and obtains a patent therefor, the creditor cannot, by reason of the fraud, attack the patent, or the title held thereunder.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendants recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*W. H. Patterson,* for Appellant.

The interest of a party in possession and actual occupancy of land of the United States, open to settlement and pre-emption, is subject to seizure and sale under execution. (*Crandall* v. *Woods,* 8 Cal. 136; *Houseman* v. *Chase,* 12 Cal. 290; *Doran* v. *C. P. R. R Co.,* 24 Cal. 245; *Merritt* v. *Judd,* 14 Cal. 59.)

A fraudulent disposition of his property by a debtor, with intent to cheat his creditors, authorizes a creditor's suit after judgment, and *nulla bona* return of execution. (Story's Eq. Jur., Secs. 350, 351, 361.) The subsequent acquisition of the legal title by the fraudulent grantee does not protect him, though money paid for that purpose may be awarded to him out of the avails of the property on a sale. A purchaser from a fraudulent grantee, with notice of the original fraud, stands in the shoes of his grantor, and must abide all the consequences of the just claims of creditors. (*Baker* v. *Bliss,* 39 N. Y., and cases cited.)

*Williams & Thornton,* for Respondent.

Samuel H. Besse never owned the land. He had the mere possession, and when he parted with that nothing remained upon which an execution against him could be levied. (*Montgomery* v. *Whiting,* 40 Cal. 294.)

If, at the time of the conveyance by Samuel H. to Samuel Besse, there was a secret agreement, that the latter should perfect the title for the benefit of the former, or that the patent, when obtained, should enure to his benefit, then such agreement is an absolute nullity, so declared in all the preëmption laws of the United States; and the patentee of the Government would receive and hold the title free of such incumbrance. (Vide Act of Cong., Sept. 4th, 1841, Secs. 12, 13.)

By the Court, NILES, J.:

The defendant, Samuel H. Besse, being in possession of a portion of the public land of the United States, open to preemption and settlement, made a conveyance of the land to his father, the defendant, Samuel Besse, without consideration, and in anticipation of a threatened suit against him by the plaintiff, and with the intent to prevent the enforcement of the plaintiff's claim. Soon thereafter the plaintiff commenced suit upon his claim in the District Court against Samuel H. Besse, and recovered judgment. Execution was issued upon this judgment, and returned *nulla bona*. After the conveyance to him, and prior to the date of the judgment, Samuel Besse filed his declaratory statement as a preemptioner, and in due time received a patent for the land from the United States. Afterward, and more than two years after the docketing of plaintiff's judgment against Samuel H. Besse, Samuel Besse sold and conveyed the land, for a valuable consideration, to the defendant Wilson, who had at the time of the conveyance, full notice of all the circumstances of the sale by Samuel H. Besse to his father. The plaintiff now seeks, by a bill in equity, to subject the land to the lien of his judgment.

The conveyance from Samuel H. Besse to his father, Samuel Besse, could operate as a fraud upon the plaintiff only to the extent of the interest which the plaintiff would have acquired by purchase at a sale under his execution of the land fraudulently conveyed. This interest could be only that which Samuel H. Besse would have had at the time of the levy of execution, but for the fraudulent conveyance; for the interest of the judgment debtor at the date of the levy is all that passed by sale under execution.

Samuel H. Besse had no title whatever to the land. He had settled upon it, and was in a position to file a declaratory statement, and take other required steps to procure the title of the United States. This was a personal privilege, which he could exercise at his pleasure, but which he was not bound to exercise, either for his own or for the plaintiff's benefit. He could at any time abandon his possession, and deprive himself of his right of preëmption. He did this by his conveyance to Samuel Besse; for, although he could not transfer any right of preëmption arising from his possession so as to vest it in another, he could voluntarily extinguish that right. (*Quinn* v. *Kenyon*, 38 Cal. 502.)

It is evident that the purchaser at a sale under the plaintiff's judgment could have obtained, by means of his purchase merely, no interest in the land which would have enabled him to procure the title under the preëmption laws of the United States.

It follows that the admitted fraud in the conveyance from Samuel H. Besse to Samuel Besse could not affect the patent which Samuel Besse afterward acquired, and which the plaintiff could not have acquired by proceedings under his judgment.

Judgment affirmed.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this case.