[No. 1272.]

W. W. LAPHAM, APPELLANT, *v.* WM. F. OSBORNE, RESPONDENT.

ACTION TO RECOVER SCHOONER — SET-OFF AND COUNTER-CLAIM— CLAIM ARISING OUT OF SUBJECT OF ACTION—GEN. STAT. 3068, 3069, CONSTRUED.—In an action for possession of a schooner alleged to have been wrongfully detained by defendant, together with damages for its detention, a claim for services rendered by defendant in caring for such schooner, not exceeding the amount of damages demanded, is connected with the subject-matter of the action, and is a proper counter-claim, though on the trial plaintiff fails to recover any damages

ACTION—CONTRACT VOID BY STATUTE OF FRAUDS—QUANTUM MERUIT.— Recovery on *quantum meruit* may be had for labor and services performed under a contract void by the statute of frauds.

COSTS—WHO IS ENTITLED TO—PREVAILING PARTY.—In such action, defendant admitted that plaintiff was entitled to possession of the property, but denied that he had wrongfully detained the same, alleging that he held as servant of plaintiff. He also denied that plaintiff had been damaged, and set up a counter-claim for services rendered in caring for the property. Plaintiff failed to recover any damages, and defendant recovered judgment on his counter-claim. *Held*, that defendant was the prevailing party upon the issues raised, and was entitled to costs.

IDEM—WAIVER—FAILURE TO FILE COST-BILL.—Where the record fails to show that plaintiff filed a cost-bill, including his trial costs, such trial costs are waived, and it will not be presumed, against the correctness of the judgment, that such cost-bill was filed.

APPEAL from the District Court of the State of Nevada, Douglas County.

RICHARD RISING, District Judge.

The facts are stated in the opinion.

*Robert M. Clarke* and *D. W. Virgin*, for Appellant.

I. The court erred in overruling plaintiff's demurrer to defendant's answer. The claim for wages is not a defense to a claim for the delivery of the property.

The action sounds in *tort*—the alleged counter-claim in contract.

The contract set up in the counter-claim to a *tort* was made before the *tort* was committed—and the wages claimed accrued before the wrong complained of was perpetrated.

Opinion of the Court—Leonard, C. J.

The contract does not spring from the *tort*, and has no earthly connection with it in the nature of things.

There can be no counter-claim in an action to recover specific personal property. (*Warburton* v. *Doble*, 38 Cal. 619; *Kelly* v. *Teague*, 63 Cal. 68.)

II. The contract as claimed by defendant was parol and it was therefore void under the statute of frauds. (Gen. Stat., 2630.)

III. The claim of the defendant for wages pleaded was upon an entire contract for a specific time and sum, and it was error to admit testimony as to the value of such service per month.

The contract, if it existed, was conclusive. If it did not 'exist, plaintiff should prevail.

Defendant must recover upon the contract pleaded or not at all. (1 Greenl. Ev., 66; *Hathaway* v. *Ryan*, 35 Cal. 188.)

IV. Plaintiff had judgment for the ownership and possession of the property, and should have recovered costs. (Gen. Stat., 3496-7.)

*Trenmor Coffin*, for Respondent.

By the Court, LEONARD, C. J. :

Action to recover possession of a certain schooner, called the "Lillie Van," together with its rigging, masts, and other property thereon and connected therewith, all of the alleged value of one thousand nine hundred and ninety dollars, and one thousand dollars damages. It is alleged in the complaint that on June 16, 1886, at Glenbrook, in this state, defendant wrongfully and forcibly, against plaintiff's consent, took all of said property from said plaintiff's possession, and has ever since wrongfully and unlawfully withheld the same from plaintiff; that the use of said property, from June 16, 1886, to the time of the commencement of this action, was well and reasonably worth one thousand dollars. Judgment is demanded for a return of the property or its value, for the damages stated, and costs. In his answer, defendant admits that plaintiff is, and at all the times mentioned in complaint has been, the owner of all the property described therein. He denies the alleged or any conversion, or that he ever in any manner took said property,

or any thereof, the plaintiff's possession, or ever wrongfully or unlawfully, or at all, detained or withheld said property, or anything, from plaintiff. He denies all allegation of damage, or that the use of said property, during the times stated in complaint, was of any value to plaintiff. He denies that plaintiff, or any one on his behalf, ever demanded said property, or any thereof, or the possession thereof, until September 8, 1886, when the sheriff of Douglass county, under and by virtue of an order in this action, demanded said property of defendant and received the same. As a counter-claim defendant alleged that on or about September —, 1885, plaintiff employed him to take care of, and have charge of, said schooner, for one year, at an agreed price of fifty dollars per month and board; that in pursuance thereof defendant took care of and had charge and possession of said schooner from September —, 1885, until September 8, 1886, when said property was demanded by and surrendered to said sheriff, as before stated; that defendant never held or claimed to hold possession of said property except as a faithful agent and employee of plaintiff; that defendant's possession of said property was always the possession of plaintiff, and that defendant was at all times ready and willing to surrender the same to plaintiff; that plaintiff had not, since September, 1885, furnished defendant any board, and that defendant had been compelled to furnish the same, which was of the reasonable value of twenty-two dollars and fifty cents per month; that plaintiff had not paid said agreed wages of fifty dollars per month, or any part thereof. Defendant demanded judgment for eight hundred and sixty dollars, and costs. At the trial defendant was permitted to amend his answer by inserting an allegation that his services and board were reasonably worth seventy-two dollars and fifty cents per month during said time. Plaintiff recovered judgment upon the pleadings for the possession of all the property named in the complaint, and defendant had judgment for four hundred and seventy-three dollars and eighty-six cents for taking care of the property from December 1, 1885, to June 16, 1886, (seventy-two dollars and fifty cents per month,) and his costs, taxed at ninety-nine dollars and fifty-five cents. Subsequently, in overruling plaintiff's motion for a new trial, and by consent of defendant, the court modified the judgment by allowing plaintiff's costs up to the time of trial, taxed at thirty-seven dollars and seventy-

five cents, and ordering the same to be deducted from the costs taxed in favor of defendant.   This appeal is taken from the judgment and from an order overruling plaintiff's motion for a new trial.

1.  Plaintiff demurred to the answer on the ground that "said answer contains a misjoinder of causes of defense, in that it improperly sets up, by way of counter-claim and off set to a simple action of replevin, a cause of action for work and labor of defendant for the plaintiff,—a matter wholly foreign to the subject-matter of this action." The court overruled the demurrer, and in so doing counsel for plaintiff claim it erred. The statute provides as follows: "The answer shall contain * * * (2) a statement of any new matter or counter-claim constituting a defense, in ordinary and concise language.   The counter-claim * * * shall be one existing in favor of the defendant, and against the plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: *First*, a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." (Gen. Stat. 3068, 3069.)   If, in the sense of the statute defendant's cause of action—his claim for services in taking care of the property described in the complaint—arises out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or if it is connected with the subject of this action, it is properly pleaded as a counter-claim; otherwise not.   This statutory provision, which, in substance, has been enacted by many different states, has been a prolific source of judicial controversy.   The language is obscure.   At least, when applying it to different cases, courts have found it no easy task to ascertain just what was "the transaction set forth in the complaint as the foundation of plaintiff's claim;" and they have experienced even greater difficulty in determining whether, in a given case, the defendant's cause of action, set up as a counter-claim, was "connected with the subject of the action." Courts have differed as to what is the "transaction set forth in the complaint as the foundation of the plaintiff's claim," as well as to what is the "subject of the action."   We shall not inquire whether, in this case, on demurrer, the word "transaction" should be restricted to the simple statement of the wrong complained of by plaintiff, as set forth in the

complaint,—that is to say, the alleged wrongful taking and
detention of the property described,—or whether it should be
held to embrace also all the facts and circumstances out of
which the injury complained of arose, as stated by defendant in
his answer. (But see *Ritchie* v. *Hayward*, 71 Mo. 562; *Hamlin*
v. *Tucker*, 72 N. C. 503; *Bernheimer* v. *Willis*, 11 Hun. 17, 18;
*Bitting* v. *Thaxton*, 72 N. C. 542; *Walsh* v. *Hall*, 66 N. C. 236;
*Wadley* v. *Davis*, 63 Barb. 501; *Xenia B. Bank* v. *Lee*, 7 Abb.
Pr. 391.)

In the sense of the statute, is defendant's cause of action for
labor performel by him in taking care of the property in question
"connected with the subject of the action?" Mr. Pomeroy
says: "In regard to what constitutes 'the subject of the action,'
there is no agreement whatever in the judicial opinions. Some
of them have treated it as identical with the 'cause of action,'
which is plainly incorrect." (Pom. Rem., Sec. 775.) The author
admits that, in certain cases, the things themselves, the land or
chattels, may be regarded as the subject of the action. Mr.
Bliss says: "The statute further authorizes a counter-claim
which arises out of a cause of action which is connected with
the subject of the action. * * * And, before we can under-
stand the bearing of the provision, we must clearly appreciate
what is meant by the phrase 'subject of the action.'" (Code Plg.,
373.) He also says: "The blunders that have been committed
in this connection have chiefly arisen from not distinguishing
the *subject* of the action from the *cause* or from the *object* of
the action, or from the facts which constitute it." *Revere F. Ins. Co.*
v. *Chamberlin*, 56 Iowa, 508, was an action to cancel a policy of
insurance. No other judgment was sought. By way of coun-
ter-claim, defendant set up a cause of action on the policy for
loss of the property insured. Said the court: "The subject of
an action is the thing or subject-matter to which the litigation
pertains. * * * In the case at bar the subject of the action
very clearly was the policy which has been issued, and just as
clearly the defendant's cause of action was connected with it,
being based upon the loss against which the policy purported to pro-
vide indemnity." *Glen & H. Mfg. Co.* v. *Hall*, 61 N. Y. 227, 19
Am. Rep. 278, was an action to restrain defendant from using an
alleged trade-mark, "Number 10," on the ground that it was a part
of plaintiff's trade-mark. It does not appear that plaintiff sought
to recover damages. Defendant admitted that he used the

words "Number 10 " in his business, but alleged that it was a
part of his own trade-mark; that plaintiff had fraudulently used
it; and he asked by way of counter-claim that plaintiff be en-
joined from using the expression in his business. The court
held that the subject of the action was the expression "Number
10," and that defendant might set up as a counter-claim his right
to the same expression, and ask that plaintiff be restrained,
and pay damages for past injuries, because the same was con-
nected with the subject of the action. *Carpenter* v. *Manhattan
L. Ins. Co.*, 22 Hun. 52, was an action to recover damages for
the conversion of wood. The defendant alleged as a counter-
claim that it held a mortgage on certain lands; that the wood in
controversy was the product of trees grown upon the said lands,
and that plaintiff, being a junior mortgagee in possession,
knowing that the lands were an insufficient security for pay-
ment of defendant's mortgage, and that the mortgagor was in-
solvent, wrongfully committed waste on the said premises by
cutting the wood, to defendant's damage in the sum of five
hundred dollars. The trial court held that defendant's cause
of action set up in the answer was not allowable as a counter-
claim Said the appellate court: "In an action brought to
recover damages for a tort, a tort committed by the plaintiff can-
not, ordinarily, be pleaded as a counter-claim. * * * It
must be connected with the subject of the action. We think
defendant's cause of action is so connected. The subject of
the action is the wood converted. * * * It is not easy to
define what was intended by such a general phrase as 'con-
nected with the subject of the action.' Such language does,
however, plainly indicate a design to enlarge the scope of the
old rule relating to set-off and recoupment, and to authorize an
application of the equitable principle that cross-claims growing
out of the same matter or controversy should be determined in
one action, and that a balance only, found to be due, should be
recovered. To that end, the provision . cited should receive a
liberal interpretation." The case was taken to the court of
appeals, and that court said: "The transaction set forth in the
complaint was the conversion of the wood, and hence it cannot
be said that the counter-claim arose out of the transaction. But
was it not connected with the subject of the action? The word
'connected' may have a broad signification. The connection
may be slight or intimate, remote or near; and where the line

shall be drawn, it may be difficult sometimes to determine. The counter-claim must have such a relation to, and connection with, the subject of the action, that it will be just and equitable, that the controversy between the parties as to the matters alleged in the complaint and in the counter-claim should be settled in one action, by one litigation, and that the claim of the one should be offset against or applied upon the claims of the other. Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counter-claim was for damages sustained by· the defendant in the wrongful impairment of its security by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counter-claim its damages for the severance of the wood against the plaintiff's claim for the conversion thereof. In the forum of conscience, the plaintiff was under obligation to restore the wood to the defend. ant as a portion of its security for its claim against the mortgagor. Thus it can with great propriety be said that defendant's claim had some connection with the subject of the action." (*Carpenter* v. *Manhattan L. Ins. Co.*, 93 N. Y. 556.) In *Cornelius* v. *Kessel*, 58 Wis. 237, it was held that in ejectment the subject of the action is the land in controversy. In *Wilson* v. *Hughes*, 94 N. C. 185, which was an action to recover possession of a horse, the court said: "The defendant alleged in his counter-claim that the plaintiff, for the consideration specified, sold and delivered to the defendant, some time before the bringing of the action, a mare, the *subject* of the *action*, representing her to be in all respects sound, and giving his warranty to that effect; that afterwards he discovered that the mare was very unsound and of little value, and this the plaintiff well knew at the time he made the false and fraudulent representations of soundness to the defendant; and that he was thereby greatly damaged, etc. This alleged claim, if well founded, existed in favor of the defendant and against the plaintiffs, and there might be a several judgment, as between them, in respect thereto. It arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and was connected with the subject of the action." (And see *McAdow* v. *Ross*, 53 Mo. 200; Bliss Code Pl., Secs. 126, 375.) Some of the New York courts have imposed a qualification, not stated · in the statute, upon the defendant's

right to set up a counter-claim, to the effect that the counter-claim, when established, must in some way qualify, diminish, or defeat the judgment to which the plaintiff would be otherwise entitled. The supreme court of Wisconsin has taken the same view.

In this case counsel for plaintiff assert that defendant's claim for wages in taking care of the property in question is not a counter-claim, because it is not a defense against plaintiff's claim for delivery of the property, since plaintiff's indebtedness to defendant could not justify defendant in taking or detaining the property. The case in hand does not call for an intimation of opinion upon the correctness of the conclusion reached in the New York and Wisconsin cases referred to. Plaintiff sues to recover possession of property, or its value, and for one thousand dollars damages. Defendant's counter-claim, when established, certainly diminishes, and in whole or part defeats, plaintiff's claim for damages, if it does not his claim for possession of the property. It is true that plaintiff's claim for damages was not allowed by the jury, but it was set up in the complaint; and that was enough to authorize defendant to set up and recover upon any proper counter-claim, notwithstanding the fact that plaintiff's claim for damages was not valid. (Pom. Rem., Sec. 739.) *Dunham* v. *Dennis*, 9 Iowa, 543, was an action of replevin for one hundred and thirty-two head of cattle, of the value of three thousand three hundred dollars, and for damages. Said the court: " Plaintiff claims the possession of the cattle, and five thousand dollars as damages. The defendants deny this claim, and by way of cross-action ask judgment for one thousand two hundred and eight dollars for rescuing, taking care of, and feeding them. This the plaintiff denies in his replication, and says that defendants are indebted to him in the sum of three thousand dollars for cattle lost and destroyed by the wrongful acts of defendants, by their bad treatment, failure to feed them, and for the trouble and time of plaintiff in regaining possession of them. * * * Instructions were asked by plaintiff to the effect that the matter set up by defendants could not be set off in an action of replevin. From an instruction given at the request of defendants, as well as the verdict and judgment, it is manifest that the court held, and as we think, correctly, that the law was otherwise. * * * In replevin the plaintiff claims the restitution of personal property, and dam-

ages in consequence of wrongful detention; and it is to these damages that the set-off is pleaded or made a cross-action."

Counsel for plaintiff also contend that there can be no counter-claim in an action to recover specific personal property. Whether this is the fact when plaintiff seeks merely to recover the property without damages, we need not inquire. It is not true when damages exceeding defendant's claim are sought, and the counter-claim constitutes a cause of action againt plaintiff which is connected with the subject of the action. In *Brown* v. *Buckingham*, 21 How. Pr. 191, the court said: " The first point made by the plaintiffs on demurrer is that a counter-claim cannot be pleaded in an action for the possession of personal property. The Code, in general terms, and without limitation as to the nature of the action, provides   \*   \*   \*   that the answer may contain a statement of any new matter constituting a counter-claim, which is a cause of action arising out of a contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. This language is sufficiently comprehensive to include the present case, and permits the pleading of a counter-claim in this action; and although the action of replevin, or for the possession of personal property, as it is now named, is con sidered as founded upon tort, I can see no . good reason for holding that all claims of either of the parties against the other, arising out of the transaction set forth in the complaint, and made the foundation of the plaintiff's claim therein, cannot be adjusted and determined in one suit of this form of action, as in an action properly and technically on contract. And such I understand to be the effect of the decisions on this subject." In *Wilson* v. *Hughes, supra,* it is said: " There is no reason why the defendant in such an action may not rely upon any counter-claim he may have, whether it be legal or equitable, or both, just as in other cases." Our conclusion upon this branch of the case is that the property in . question is the subject of the action; that defendant's demand for wages for taking care of the same prior to and at the time of the alleged conversion is connected with the subject of the action, and is properly pleaded as a counter-claim.

2. It is urged that the parol contract set up in the answer is within the statute of frauds, and void. But the record shows that defendant was permitted to amend his answer, and allege

that his services and board were reasonably worth seventy-two dollars and fifty cents per month from September —, 1885, to September 8, 1886.   It is well settled that for labor and services performed under a contract declared void by the statute of frauds recovery on *quantum meruit* may be had.   (*Patten* v. *Hicks,* 43 Cal. 511; 2 Reed Stat. Frauds, Sec. 624.)

3. Defendant was entitled to his costs.   Upon every issue raised by the pleadings he was the prevailing party.   He recovered more than three hundred dollars upon his counter-claim, and plaintiff failed to recover damages.   The order overruling plaintiff's motion for a new trial shows that his costs up to the time of trial were taxed at thirty-seven dollars and seventy-five cents, and that they were allowed by the court.   Plaintiff complains because his trial costs were disallowed.   The record does not show that any cost-bill, including plaintiff's trial costs, was filed, and we cannot presume, against the correctness of the judgment, that such a cost-bill was filed.   If it was not, the trial costs were waived.   We cannot, therefore, say the court erred, even though plaintiff would not have been entitled to them, if a proper cost-bill had been filed in time,— a question we do not decide. We think the evidence justifies the verdict.   The judgment and order appealed from are affirmed.