[No. 2006]

# C. W. GIRTON, RESPONDENT, v. W. H. DANIELS, APPELLANT.

1. FRAUDS, STATUTE OF—ORAL AGREEMENT TO DEVELOP MINING CLAIM.

    An oral agreement to bear one-third of the expenses of developing a mining claim covered by a two-year lease in consideration of an assignment of a one-third interest is not void under the statute of frauds, where the parties contemplate that the development work shall be completed within a year.

2. FRAUDS, STATUTE OF — ORAL AGREEMENT TO DEVELOP MINING CLAIM.

    An oral agreement to bear one-third of the expenses of developing a mining claim covered by a two-year lease was not void under the statute of frauds, where the lease could have been terminated by the act of the parties within one year according to its specific provisions.

3. MINES AND MINERALS—LEASES—RIGHT TO ABANDON.

    Under the common form of lease of undeveloped lode mining property, wherein the lessor seeks to have his property developed at lessee's expense, and the latter assumes such burden, the lessee, after discovering that future expenditures would be useless, may abandon the lease.

4. MINES AND MINERALS — CONTRACTS — CONSIDERATION — ASSIGNMENT OF INTEREST IN MINE.

    An assignment of a one-third interest in a mining lease was a sufficient consideration for an agreement to bear one-third of the expenses of developing the mine, though the lease proved of no value.

5. APPEAL AND ERROR—FINDINGS.

    Court's finding of facts on conflicting evidence is conclusive on appeal.

6. FRAUDS, STATUTE OF—LIABILITY FOR EXPENSES OF DEVELOPMENT—QUANTUM MERUIT.

    Where a one-third interest in a mining lease is assigned in consideration of an oral agreement to bear one-third of the expense of development, and the other contracting party pursuant to the agreement thereafter does development work and advances money to pay such expense, the assignee is liable on *quantum meruit* for his share of the work and expense, though their agreement be void under the statute of frauds.

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by C. W. Girton against W. H. Daniels. From a judgment for plaintiff, defendant appeals. **Affirmed.**

## STATEMENT OF FACTS

This is an action for damages for breach of contract. The contract as alleged in the complaint was as follows: "That at Tonopah, Nye County, Nevada, and on or about November 15, 1910, the plaintiff, defendant, and one R. Krabbenhoff made and entered into an agreement, under and by which it was mutually agreed, that said three named persons should be equal coowners of a certain mining lease, and should work and develop certain mining claims covered by said lease, situate at Silver Bow, in said county and state; that each should contribute equally towards the expense of said work and business, and should be equal owners, share and share alike in said lease, as well as in any profits arising from the said business, and in like manner should pay equally all the costs and expenses thereof; that it was further agreed that said three named persons should contribute their own time and labor to said work, or, failing so to do, the one not so contributing should employ a substitute or pay to the persons who did do said work one-third of the total value thereof, to the end that an equal amount of work be either personally done by said persons or its value contributed in cash by each. It was further agreed that, in the event defendant did not personally perform his one-third share of said personal labor, he should either employ a substitute to perform same, or that plaintiff and said Krabbenhoff might perform the labor, and that defendant should pay to plaintiff and said Krabbenhoff for each day's work so done by them for the benefit of defendant at the rate of $4 per day per man; that it was further agreed that each of the persons named should advance and pay the costs and expense of employing laborers in addition to the work to be done by said above-named three persons. It was further agreed between plaintiff and defendant that plaintiff should advance and pay the defendant's one-third share of all cash expenditures for labor of employees, and for supplies and disbursements incident to or arising from said work or

business during the months of December, 1910, and January, 1911, and that defendant would reimburse plaintiff to the full amount of said one-third share of such advances so made by plaintiff for the use and benefit of defendant."

The court made the following findings in the case:

" (1) That on or about November 29, 1910, the plaintiff and one R. Krabbenhoff were the owners of a certain mining lease dated November 15, 1910, for two years, on seven lode claims, situate in Silver Bow mining district, Nye County, Nevada; that plaintiff owned a two-thirds interest, and said Krabbenhoff a one-third interest; that on or about said November 29, 1910, the plaintiff and the defendant entered into an agreement under which defendant was to receive one-half of plaintiff's said two-thirds interest or a one-third interest in the whole lease, and, in consideration thereof, defendant was to pay one-third of the expenses of operating it, said expense being limited to the work of three men and necessary cost of supplies for same for the period of work then in contemplation by the parties, to wit, December, 1910, and January, 1911; that, pursuant to said agreement, plaintiff on or about November 30, 1910, delivered an assignment of said one-third interest to the said defendant, defendant agreeing to send a man to represent his share of the work or pay the wages of such a man, and, in addition thereto, he agreed to bear one-third of cost of supplies for three men and certain other necessary expenditures; that defendant's portion of the expenditures was advanced and fixed by plaintiff; that, instead of three men being out on the work, it appears that Girton, who directed the work, employed, including himself and Krabbenhoff, six men or twice what the agreement called for; that defendant had no notice that the additional three men were to be employed; that the work of the six men and the statement of total expenditures made by plaintiff in evidence is correct, and that said work was valuable and benefited all parties, including the defendant; that Krabbenhoff, prior to commencement of this action, had duly assigned

to plaintiff all his interest in the demand sued for. That defendant had a right to withdraw from his venture at any time, thereby releasing himself from liability for subsequent expenditures; that the total expense of supplies, assaying, and the like for said period was $716.99, and the total amount of wages at $4 per day for 263 days was $1,052, making a total of $1,768.99, from which should be deducted $336.15 total cost of board for men, leaving $1,432.84, of which sum, under foregoing facts, defendant agreed to pay one-sixth or $238.81, and that no part of the same has ever been paid.

"(2) The agreement referred to in finding 1 entered into by the defendant was oral, except as evidenced in document referred to in finding 3, and no written contract or memorandum of any such contract was signed by defendant."

Findings 3, 4, and 5 set out in full the assignment to defendant, the original lease to plaintiff, and the lease or sublease to Krabbenhoff referred to in finding 1.

"(4) On February 6, 1911, defendant delivered to plaintiff the paper referred to in finding No. 3, and at the same time told plaintiff that he did not care to have anything to do with the proposition; and plaintiff has had possession of the said paper ever since. At that time all the work mentioned in finding No. 1 had been done and all the expense therein mentioned had been incurred."

"(7) Defendant has never had any other interest in said lease or the mining ground mentioned therein, except as in these findings mentioned, and the only benefit derived from the work and expense mentioned in these findings by him is by virtue of whatever interest he acquired by the oral agreement mentioned in these findings and the paper set out in finding No. 3.

"(8) The matter of defendant having a right to withdraw from the agreement at any time was never expressly mentioned between the parties."

The document referred to in finding 3 as an assignment to defendant was in the form of a lease or sublease, dated

October 10, 1910, and was signed by the plaintiff and delivered to the defendant, but was never signed by the latter. The lease of the Nevada Silver Bow Mining and Milling Company to the plaintiff, Girton, incorporated in finding 4, contained a provision to the effect that when the lessee shall have done $700 worth of work on the demised premises during the year 1910, sufficient to hold the claims leased under the provisions of the laws of the United States relative to the performance of annual work on mining claims, then the lease was to be extended for an additional six months or until May 15, 1913. One of the considerations of the lease was that the lessee agreed: "To work said premises and to work the same with at least thirty shifts of eight hours each during each month of the continuation of this lease," etc. It was further covenanted in the lease that "upon the violation by said lessee, or any person under him, of any covenant herein contained, the term of this lease shall, at the option of the lessor, expire and the same and said premises shall become forfeited to said lessor," etc. The lease further specified that it was "for the term beginning on the 15th day of November, 1910, and ending on the 15th day of November, 1912, at noon, unless sooner forfeited or determined by violation of any covenant herein contained."

*P. E. Keeler*, for Appellant:

All the terms of the original lease and of the assignment or sublease show that it was contemplated that the relations created should exist for the full term of the lease. It is clear that this agreement for a mining partnership "by the terms is not to be performed within one year from the making thereof." (Comp. Laws, 2700.)

A contract of partnership, formed to exist more than one year, must be in writing. (*Morris* v. *Peckham*, 51 Conn. 128; *Wilson* v. *Ray*, 13 Ind. 1; *Wahl* v. *Bernum*, 116 N. Y. 87, 22 N. E. 280.)

Nor is this such a contract as is cured by a part performance. (*Billington* v. *Cahill*, 51 Hun, 132; *Herrin* v. *Butters*, 20 Me. 119; *Broadwell* v. *Getman*, 2 Denio, 87;

*Hill* v. *Hooper,* 67 Mass. 131; *Durand* v. *Curtis,* 57 N.Y. 7; *Board* v. *Howell,* 21 Ind. App. 495, 52 N. E. 769; *Thisler* v. *Mackey,* 5 Kan. App. 217, 47 Pac. 175; *Klein* v. *London and Globe Ins. Co.,* 57 S. W. 250.)

Here there was no special injury to plaintiff by failure of defendant to perform the oral agreement of copartnership, for the reason that plaintiff did no more work and furnished no more supplies than he would have done under his original lease and his arrangement with Krabbenhoff, and for all of the work that he did do he received credit on his original lease. (*Johnson* v. *Upper,* 38 Wash. 693, 80 Pac. 801.)

Even where there has been a part performance, the complaint must be framed on the implied contract, alleging the reasonable value of the labor or materials. (*De Bord* v. *Holcomb,* 13 Colo. App. 161, 57 Pac. 548; *Jarboe* v. *Severn,* 85 Ind. 496; *Dowling* v. *McKenney,* 124 Mass. 478.)

Where the complaint is framed on the invalid express contract, there can be no recovery upon the theory of implied contract for reasonable value. (*Gazzam* v. *Simpson,* 114 Fed. 71; *Hillhouse* v. *Jennings,* 60 S. C. 373, 38 S. E. 599; *Miller* v. *Wisener,* 45 W. Va. 59, 30 S. E. 237; *Dunphy* v. *Ryan,* 116 U. S. 491.)

The recovery under such circumstances must be for some benefit shown by the evidence to have been actually received by the defendant, and not for the damage or injury suffered by the plaintiff on account of the refusal of the defendant to comply with the void agreement. (*Dowling* v. *McKenney,* 124 Mass. 478; Browne, Stat. Frauds, 5th ed. par. 118a; *Gazzam* v. *Simpson,* 114 Fed. 71.)

*McIntosh & Cooke,* for Respondent:

It was a mere agreement of mining partnership, the subject-matter being mining claims on which plaintiff had a lease. The fact that plaintiff has a lease for a period of two years or ten years is wholly immaterial. He could agree to form a mining partnership to continue

for a month or a year or for no definite time.   The court found as a fact that defendant could withdraw at any time.   In order to be within the statute the contract must be one which cannot possibly be performed within a year. (29 Am. & Eng. Ency. Law, 941, 942, note; 20 Cyc. 203, note 19.)

The agreement of partnership from and on which the liability sued upon arises, being terminable at any time, it is not a contract that could not possibly be performed within a year.   (29 Am. & Eng. Ency. Law, 942, notes; 20 Cyc. 204, notes 26–28.)

The statute only includes agreements "that by the terms," *i. e.*, by the express provisions in the contract itself, are not to be performed in a year.   The lease from owners of claims to Girton conveyed to him an interest which could be made the subject of an independent contract by him with others.   He made such independent contract, but this contract did not "by its terms" provide that the relation should continue any fixed time, and besides the court found as a fact that Daniels could terminate the contract at any time he wanted to.   (Comp. Laws, 2700; 29 Am. & Eng. Ency. Law, 947, 948, note 1.)

But if it should be held that the contract was within the statute, the fact that plaintiff performed labor and expended money on the faith of defendant's oral promise is sufficient to entitle plaintiff to recover such amount on *quantum meruit.*   (*Swift* v. *Swift*, 26 Cal. 266; 20 Cyc. 299, notes 45–47; 29 Am. & Eng. Ency. Law, 823, note 5, p. 839; 9 Ency. Pl. & Pr. 717.)

By the Court, NORCROSS, J., after stating the facts:

Two questions of law are presented upon the appeal in this case.   It is the contention of the appellant that the judgment is not supported by the findings for the following reasons:

First, that the contract was void under the statute of frauds, it being an oral contract which by its terms was not to be performed within one year.

Second, it was an oral executory contract and there was no part performance sufficient to bind the defendant, the

work performed by the plaintiff being of no benefit to the defendant.

[1] The work for which the defendant was held liable for a one-third part appears to have been done in pursuance of that provision of the original lease relative to the annual work for the year 1910 on the seven demised claims. This work was optional under the provisions of the lease, and to be effective had to be begun during the month of December, 1910, and prosecuted without interruption until completed. The agreement to do this work may, we think, be regarded as an independent agreement to do a certain character of work which was contemplated to be completed within a year, and as to such agreement the statute of frauds would not apply.

[2] But, if we consider the terms of the original lease as controlling, we are of the opinion that the agreement is not void under the statute of frauds as an oral agreement by its terms not to be performed within a year. While the lease by its terms, if fully complied with, may have extended for two years and even longer, nevertheless it could have been terminated by act of the parties within a year according to its specific provisions and without violation of its terms.

[3] If the lessee failed to perform the requisite amount of labor monthly, the lease could be terminated by the lessor. The lease in question in this case is a common form of lease of undeveloped lode mining property. The lessor seeks to have his property developed at the expense of the lessee, while the latter assumes the burden of expense of developing the property in the hope of finding a paying mine. As long as the lessee properly performs the required labor, his lease is nonforfeitable. Should he fail to perform the required amount of work, the lease may be terminated at once by the lessor. If, after the performance of a certain amount of labor upon the property, it appears that further expenditures would be useless, without liability to himself, he may, and usually does, abandon or surrender his lease. (27 Cyc. 719.)

Because the finding of ore in paying quantities is usually problematical when mining leases of this kind

are entered into, in the absence of provisions to the contrary in the lease, it may be considered within the contemplation of the parties that a showing of conditions upon the leased property which would not justify further expenditure upon the part of the lessee will warrant the latter in withdrawing from the lease. As such a showing may be made within the year, the court below did not materially err in finding "that the defendant had a right to withdraw from his venture at any time," even though such right to withdraw from the agreement "was never expressly mentioned between the parties."

[4] It cannot be said, we think, that the defendant is in a position to contend that he received no benefit from the contract. The contract was for the development of mining property, and the work done might have disclosed a mine of great value. If it did, defendant was in a position to reap a proportional part of the reward of such discovery, and it is not to be presumed that any one in such position would then decline to claim the interest which his contract entitled him to. The right which one has to share in the profits of a rich ore body if discovered ought to be deemed a valuable consideration and benefit in mining contracts of this character.

[5] Appellant strenuously contended that he never entered into the contract sued upon. That question having been determined by the trial court on conflicting evidence, its finding is conclusive on this court. The court did not err in its conclusions of law based on its findings of fact.

[6] Even if it could be said that the contract sued upon was within the statute of frauds, the plaintiff, as contended by counsel for respondent, was entitled to recover on a *quantum meruit*. (*Lapham* v. *Osborne*, 20 Nev. 175; 20 Cyc. 299.) Whether recovery in this case could have been made on a *quantum meruit* without an amendment of the pleadings is, however, a question we have not considered. See *Burgess* v. *Helm*, 24 Nev. 242.

The judgment is affirmed.